# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 20-1009**

**September Term, 2020**

FILED ON: MARCH 19, 2021

AMERICAN SECURITY PROGRAMS, INC.,
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

Consolidated with 20-1029

On Petition for Review and Cross-Application for
Enforcement of an Order of the National Labor Relations Board

Before: HENDERSON and KATSAS, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

## JUDGMENT

The Court has considered this petition for review and cross-application for enforcement on the administrative record and the briefs and oral argument of the parties. The Court has fully considered the issues and has determined they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** that the petition for review be **DENIED** and the cross-application for enforcement be **GRANTED**.

American Security Programs, Inc. (ASP) provides security for certain federal buildings. After ASP failed to reach a collective bargaining agreement with the union representing its employees at two buildings, ASP unilaterally implemented the terms of the final offer that it had made during the negotiations. The National Labor Relations Board held that this was an unfair labor practice because ASP had not first bargained to impasse. On review for substantial evidence, *see TruServ Corp. v. NLRB*, 254 F.3d 1105, 1115 (D.C. Cir. 2001), we uphold the Board's decision.

When collective bargaining began on May 19, 2017, the predecessor agreement was set to

expire on September 30. ASP informed the union that any successor agreement would need to be finalized by September 19, to permit timely government approval of the bargained-for wages. By September 1, the parties had reached agreement on all terms except wages and fringe benefits, which they decided to negotiate by email. Over the next few weeks, they exchanged at least six different offers. The union maintained a firm position on wages but requested mediation three times. ASP made modest wage concessions but ignored the mediation requests. With no agreement made, the parties stopped communicating after September 19.

On September 26, ASP secured an extension of its relevant government contract. The extension gave ASP until at least December 1 to secure approval of new bargained-for wages. On October 21, ASP reached out to probe the union's interest in resuming negotiations. Over the next month, the parties communicated only sporadically. Neither side made concessions, but the union continued to ask for mediation. On November 17, ASP sent the union what it characterized as a "Last, Best, and Final" offer, good only through November 20. It significantly reduced ASP's offer on wages and included other terms unfavorable to the union. The union did not accept this offer, which ASP unilaterally implemented on November 28.

A reasonable factfinder could conclude that the parties were not then at impasse, because "the prospects of reaching an agreement" had not yet been "exhausted." *Am. Fed'n of Television & Radio Artists v. NLRB*, 395 F.2d 622, 628–29 (D.C. Cir. 1968). We need not decide whether the parties had reached impasse at any time before ASP made its "Last, Best, and Final" offer, which invited further bargaining by proposing terms substantially different from those in ASP's prior offers. *See Herman Bros., Inc.*, 307 N.L.R.B. 724, 724 (1992) (finding no impasse where, shortly before declaring impasse, the employer made an offer "so different from proposals then on the table that further bargaining was clearly required before impasse could be reached"); *EIS Brake Parts*, 331 N.L.R.B. 1466, 1493 (2000) ("When an employer changes its bargaining proposal, it must give the union a meaningful opportunity to negotiate about the new proposals and … provide the [u]nion a basis for understanding it."). At oral argument, we asked whether the final offer might have created or confirmed an impasse by setting forth only terms less favorable to the union than those contained in past ASP offers. But ASP, which bore the burden to prove impasse, *Wayneview Care Ctr. v. NLRB*, 664 F.3d 341, 347 (D.C. Cir. 2011), declined to characterize its final offer in that way. To the contrary, ASP represented that the offer contained "a variety of different provisions, some better, some worse," Oral Arg. 21:34, which made clear the absence of impasse at that point. ASP further argued that it had inadvertently included various of the new provisions in its final offer, but the Board permissibly rejected that contention on this record.

For these reasons, we deny the petition for review and grant the cross-application for enforcement. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

2

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk
